**FILED**

APR 2 8 2008 *au*
Apr 28 2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

WALTER L. HILL
    Plaintiff
  vs.
STATE OF ILLINOIS et, al.,
    Defendants.

# 08CV2404
# JUDGE DER YEGHIAYAN
# MAG. JUDGE DENLOW

MEMORANDUM OF LAW IN SUPPORT OF FEDERAL HABEAS CORPUS

28 U. S. C. 2254

    Now comes the Plaintiff, Walter L. Hill pro se, who reserves his right to be appointed by this honorable court, counsel, and files this action and memorandum of law in support of section 2254 Federal Habeas Corpus, against the State of Illinois and all the official parties herein as defendants who in their official capacity knowingly and willingly violated plaintiffs XIV Amendment U.S. Constitutional Right by illegally convicting and imprisoning plaintiff for a residential burglary without any evidence to do so, nor proving beyond a reasonable doubt that plaintiff committed any crime at all including the charge of residential burglary that he is convicted of.

Point Relied Upon For Habeas Corpus
Relief

Walter Hill Was Not Proven Guilty Beyond a Reasonable Doubt of Residential Burglary Where the Evidence of His Presence Near the Residence <u>Sometime Before</u> the Burglary, And his Possession of a Few of the Stolen Items <u>Sometime After</u> the Burglary, Did Not Prove that Mr. Hill Ever Actually Entered the Residence and Stole the Missing Items.

ARGUMENT

    In criminal prosecutions, the due process clause protects an accused against conviction upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. U.S. CONST.; amend XIV; Ill Const.,1970,Art.1&2; In Re winship; 397 U.S. 358, 361·64(1970). The State has the burden of proving beyind a reasonable doubt all of the material and essential facts constituting the crime charged. This burden never shifts to the accused. In this case, in order to prove the offense of residential burglary, the state was required to prove that Walter Hill knowingly and without authority entered the home of Robert Bily to commit a theft therein. 720 ILCS 5/19-3(a)(2004). The State never met this burden! Therefore the Supreme Court of Illinois and the appeals court of Illinois's affirmation of the Circuit Courts finding of Guilt Beyond a Reasonable Doubt based on "Close Proximity to the Crime and Exclusive Unexplained Possession of Recently Stolen Property" is in violation of the Plaintiffs Federal and State Constitutional Rights Due Process

of law.

To the extent that past Illinois decisions have held that exclusive
and unexplainded possession of recently stolen property is sufficient,
standing alone and without corroborating evidence of guilt, for conviction
of burglary, those decisions, in the light of the United States Supreme Court
holding in County Court v. Allen, 442 U.S. 140, 60L. Ed. 2d 777, 99 S. Ct.
2213(1979), <u>can no longer be applied,</u> even when the inference is reguarded
as permissive. <u>The presumption standing alone does not prove burglary beyond
a reasonable doubt.</u> The person in exclusive maybe the burgler, to be sure,
but he might also be a receiver of stolen property, guilty of theft not
burglary, an innocent purchaser without knowledge that the item is stolen,
or even an innocent victom of circumstances.

The Illinois Supreme Court adopted this law in Housby, 420 N.E. 2d 155
(1981) in compliance and accordance with the U.S. Supreme Court holding in the
County Court ruling(1979) <u>and is still good law today.</u>

The Illinois Appeals Court, in the recent decision in People v. Natal,
368 Ill. App. 3d 262, 858 N.E. 2d 923, Ill. App. Lexis 1053, 306 Ill. Dec.
865 (2006), held that the Housby test established by the Illinois Supreme
Court, was not met. The State did not meet the requirements set forth in
Housby.The State never produce any evidence at trial or after trial that
plaintiff committed the crime he has been charged with and convicted for.

The Illinois Appellate Court reversed the Natal conviction stating that
"Unexplainded possession of recently stolen propertyis insufficient for
guilt beyond a reasonable doubt for Residential Burglary. The same court,
9 months later, upheld plaintiffs conviction stating that unexplainded
possession of recently stolen property is sufficient for a finding of guilt
beyond a reasonable doubt, in complete contradiction to it's previous
ruling in Natal on November 20, 2006.

The plaintiff brings note here of People v. Ehlert, 285 Ill. Dec. 133,
811 N.E. 2d 620 (Ill. 2004), Were that court held were there was insufficient
evidence defendant killed her infant and reversed by the Illinois Appeals Court
and  upheld by the Ill. Supreme Court noting that:
            "Simply stated, THe fact that defendant is probably guilty
            does not equate with guilt beyond a reasonable doubt. We
must point out that in criminal prosecutions, the standard of proof is not
by a preponderance of the evidence, but rather proof beyond a reasonable doubt."
"What is envolved her is the standard of proof which is applicable
to all crimes. That is to say, conviction beyond a reasonable doubt. Whether the
crime charged be trespass, shoplifting, armed robbery, or murder, the test is
the same. The burden of meeting this standard, falls solely on the prosecusion.
<u>If it fails to meet this burden, a defendantis entitled to a finding of not
guilty. NO defendant is required to prove his innocence.</u>

When the state cannot meet it's burden of proof, <u>The Defendant Must Go
Free.</u>"

Unexplainded possession is not supported by case law so it does not
support a conviction. The trial court's decision shows that the judge inferred
the burglary merely from the defendants possession of the stolen items and ignored
the admonition of Housby and the County Court that unexplained stolen
property standing alone, is not sufficient to reconvict.
With this present case the permissive inference stands unsupported by
corroborating circumstances. (See Housby)

The record of the present case, at trial, shows tha not only did the evidence to be insufficient to establish defendant guilty beyond a reasonable doubt, but the state clearly failed to meet it's burden of proof. There was never any evidence beforetriial, at trial, or after trial up to current date that Mr. Hill committed the burglary to the Bily's residence for which he is convicted for, and sentence too 4 years imprisonment. This is a clear violation of the plaintiffs U.S. Const; XIV Amendment Constitutional Right as well as his Illinois Constitutional, 1970 Article 1&2 ights, and this honorable court should grant Plaintiffs Federal Habeas Corpus Title 28 ection 2254 U.S.Code relief.

NOTICE
The text of this order may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

No. 1-06-0928

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 C4 41169 |
| | ) | |
| WALTER HILL, | ) | Honorable |
| | ) | Thomas M. Tucker, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Following a bench trial, defendant Walter Hill was convicted
of a residential burglary and sentenced to 14 years'
imprisonment. On appeal, defendant contends that the State
failed to prove him guilty beyond a reasonable doubt. He argues
that his presence near the residence before the burglary and his
possession of some of the stolen items do not prove he entered
the residence and stole the missing items.

At trial, Kathleen Bily testified that at approximately 8:30
a.m. on October 30, 2004, she and her husband, Robert Bily, were
exiting their home on North Haber Court in Northlake. She was on
her way to work, and Mr. Bily was accompanying her to drive the
car back to the house. As she was leaving, she noticed defendant
standing by a lamp post at the end of her driveway. She said
this was unusual because she had never seen him before in her 15

1-06-0928

years of residence. Mrs. Bily got into her car and observed defendant the entire time she was backing out of the driveway because she did not want to hit him if he crossed her path. After backing out of her driveway, she stared at defendant, who had not moved, for 10 to 20 seconds before driving off.

Shortly after being dropped off at work, Mrs. Bily received a phone call from Mr. Bily. When she returned home, she found her jewelry box dumped out on her bed and all the drawers in her dresser opened. She noticed that some jewelry, a camcorder, an Xbox video game system, a game inside of it, and some of its accessories were missing. She called the police to report a burglary, and was able to give them serial numbers for the Xbox and camcorder.

Ray Tome testified that on October 30, 2004, he worked as an assistant manager at Village Jewelry and Loan, a pawn shop located near North 24th Avenue and West North Street in Melrose Park. On that day, defendant came into the shop and sold Tome a camcorder and an Xbox for $100. Tome recorded the serial numbers of the items.

Corporal Carlos Ortiz of the Northlake Police Department testified that on November 3, 2004, he was investigating the Bilys' burglary. Ortiz went to Village Jewelry and Loan, where he learned that an Xbox and a camcorder were pawned there on October 30, 2004, at around 10:15 a.m. The pawned items' serial

1-06-0928

numbers matched the ones provided by Mrs. Bily.  Ortiz discovered
defendant was the seller, and returned to the station to prepare
a patrol bulletin to locate him.  However, defendant was already
in custody for an unrelated matter.

On November 4, 2004, Ortiz conducted a lineup where both
Tome and Mrs. Bily identified defendant.

The trial court found defendant guilty of residential
burglary and sentenced him as a Class X offender to 14 years'
imprisonment.  Defendant timely appeals.

On appeal, defendant contends that the State failed to prove
him guilty beyond a reasonable doubt.  He argues that his
presence near the residence before the burglary and his
possession of some of the stolen items do not prove he entered
the residence and stole the missing items.

When a defendant challenges the sufficiency of the evidence
to support his conviction, this court must determine whether,
after viewing the evidence in the light most favorable to the
State, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  People v.
Pollock, 202 Ill. 2d 189, 217 (2002).  It is the trier of fact's
responsibility to determine the credibility of witnesses, weigh
their testimony, resolve conflicts in the evidence, and draw
reasonable inferences from the testimony.  People v. Williams,
193 Ill. 2d 306, 338 (2000).

- 3 -

1-06-0928

The offense of residential burglary requires the State to prove that the offender, in pertinent part, knowingly and without authority entered the dwelling place of another with the intent to commit a felony or theft therein. 720 ILCS 5/19-3(a) (West 2004). A defendant's possession of recently stolen property is sufficient to support a burglary conviction if (1) there is a rational connection between his possession of stolen property and his participation in the burglary; (2) his guilt of burglary more likely than not flowed from his recent unexplained and exclusive possession of burglary proceeds; and (3) there is evidence corroborating the defendant's guilt. People v. Housby, 84 Ill. 2d 415, 424 (1981); People v. Gonzalez, 292 Ill. App. 3d 280, 288 (1997).

Defendant argues that the State has failed to satisfy all three prongs of the Housby test. In construing the first prong of the Housby test, this court has held a rational connection exists between possession of stolen property and participation in the burglary if the inference that defendant obtained the items by burglary is not unreasonable. Gonzalez, 292 Ill. App. 3d at 288. In making this determination, the most important factor is whether defendant's possession is proximate in both time and place to the burglary. Gonzalez, 292 Ill. App. 3d at 288. In the instant case, defendant sold the stolen property to a pawn shop located approximately two miles from the Bilys' residence,

- 4 -

1-06-0928

approximately 90 minutes after the items were discovered to be
stolen.  These circumstances are sufficient to satisfy the first
prong of the Housby test.  See People v. Caban, 251 Ill. App. 3d
1030, 1034 (1993) (finding that discovering defendant's
possession of stolen property four miles from scene of burglary
on the same day the burglary occurred satisfied first prong of
Housby test).

     With respect to the second prong of the Housby test,
defendant argues that it was "more likely than not" that another
person burglarized the Bilys' residence, fled when Mr. Bily
returned home, and then hid or dropped the stolen items which
defendant later found.  We find defendant's argument to be
unpersuasive.  Minutes before the burglary occurred, Mrs. Bily
observed defendant standing at the end of her driveway.  He did
not move while Mrs. Bily exited her house, entered her car, and
drove away.  Furthermore, defendant was in possession of the
items and sold them approximately 90 minutes after the burglary
occurred.  Examining the plausibility of defendant's current
theory against the theory and evidence provided by the State at
trial, we find it reasonable for the trial court to conclude
defendant was "more likely than not" a participant in the
burglary as opposed to a mere subsequent possessor of the
proceeds.

1-06-0928

Finally, defendant argues there was no corroborating evidence of his guilt. However, corroborating evidence in the form of identifications of defendant by Mrs. Bily and Tome, defendant's presence and actions near the Bilys' residence immediately before the burglary, and his possession and pawning of the items proximate in both time and place to the burglary. We find that this is sufficient corroborating evidence of his guilt. See People v. Burrows, 183 Ill. App. 3d 949, 954-55 (1989) (finding that a defendant's presence near the burglary when it occurred, his presence in a home near the burglary containing the stolen items, and his established possession of the items were sufficient corroborating evidence under the Housby test).

Accordingly, we find the trial court had sufficient evidence before it to support a finding of guilt.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNULTY, J., with JOSEPH GORDON and O'MALLEY, JJ., concurring.

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, )
)
Plaintiff-Appellee, )
)
v. ) No. 1-06-0928
)
WALTER HILL, )
)
Defendant-Appellant. )

ORDER

Upon consideration of the petition for rehearing of defendant-appellant,

IT IS HEREBY ORDERED that said petition for rehearing is DENIED.

_____
Justice Jill K. McNulty

_____
Justice Joseph Gordon

_____
Justice Denise O'Malley

**ORDER ENTERED**

OCT 1 9 2007

APPELLATE COURT, FIRST DISTRICT



## SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

December 3, 2007

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. Walter Hill
Reg. No. B-58710
Pinckneyville Correctional Center
P. O. Box 999
Pinckneyville, Illinois  62274

      Re: No. 105686 - People  State  of  Illinois, respondent, v. Walter Hill,
                petitioner.  (Appellate Court No. 1-06-0928)

Dear Mr. Hill:

      This office has timely filed your petition for leave to appeal today in the above-entitled cause.  You are being permitted to proceed as a poor person.

      Your petition will be presented to the Court for its consideration, and you will be advised of the Court's action thereon.

                    Very truly yours,

                    *Juleann Hornyak*
                    Clerk of the Supreme Court

JH/jak
cc:   AG CrMadigan
      SA Crim

105686

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

January 30, 2008


Mr. Walter Hill
Reg. No. B-58710
Pinckneyville Correctional Center
P. O. Box 999
Pinckneyville, IL 62274

No. 105686 - People State of Illinois, respondent, v. Walter
           Hill, petitioner.  Leave to appeal, Appellate
           Court, First District.


The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.


The mandate of this Court will issue to the Appellate Court on March 6, 2008.