UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. WALTER L. HILL, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | No. 08 C 2404 |
| JAY MERCHANT, Acting Warden, | )<br>)<br>) | The Honorable<br>Samuel Der-Yeghiayan, |
| Respondent. | ) | Judge Presiding. |

## RESPONDENT'S ANSWER

Pursuant to this Court's June 4, 2008 order and Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent JAY MERCHANT answers the instant petition for writ of habeas corpus, and requests that it be denied for the reasons described herein.

## BACKGROUND

1.  Petitioner Walter Hill is incarcerated at the Pinckneyville Correctional Center, where he is identified as prisoner number B58710. He is in the custody of respondent Jay Merchant, acting warden of that facility.

2.  Following a bench trial in the Circuit Court of Cook County, petitioner was convicted of one count of residential burglary in violation of 720 ILCS 5/19-3(a), and sentenced to 14 years in prison. *See* Exh. A, Transcript of bench trial in *People v. Hill*, No. 04-C4-41169 (July 25, 2005); Exh. B, Rule 23 order, *People v. Hill*, No. 1-06-0928 (Ill.App. 2007), at 1.

3. Petitioner appealed his judgment of conviction to the Appellate Court of Illinois, First Judicial District, arguing that the evidence presented at trial was insufficient to establish his guilt beyond a reasonable doubt. *See* Exh. C, Def. Br. in *People v. Hill*, No. 1-06-0928; Exh. D, People Br.; Exh. E, Def. Reply Br. The appellate court affirmed on August 17, 2007. *See* Exh. B at 1.

4. Petitioner filed a petition for leave to appeal in the Illinois Supreme Court, urging the same issue. *See* Exh. F, PLA in *People v. Hill*, No. 105686. It was denied on October 19, 2007. *See* Exh. G, Order denying PLA. Petitioner did not petition the United States Supreme Court for a writ of certiorari. Pet. at 2.

5. He filed no postconviction petition or other collateral attack in the Illinois courts. Pet. at 3.

6. The instant petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(A). Its sole claim is that presented to the state courts: the evidence of guilt was insufficient to convict petitioner beyond a reasonable doubt.

7. The following documents are being filed with this Answer under separate cover, pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts:

    Exhibit A:    Transcript of bench trial in *People v. Hill*, No. 04-C4-41169 (July 25, 2005);

    Exhibit B:    Rule 23 order, *People v. Hill*, No. 1-06-0928 (Ill.App. 2007);

    Exhibit C:    Def. Br. in *People v. Hill*, No. 1-06-0928;

    Exhibit D:    People Br. in *People v. Hill*, No. 1-06-0928;

Exhibit E:    Def. Reply Br. in *People v. Hill*, No. 1-06-0928;

Exhibit F:    PLA in *People v. Hill*, No. 105686; and

Exhibit G:    Order denying PLA in *People v. Hill*, No. 105686.

## ARGUMENT

The petition should be denied because the appellate court's decision that the evidence was sufficient to convict petitioner was neither contrary to, nor an unreasonable application of, Supreme Court law.

The Anti-Terrorism and Effective Death Penalty Act (codified in relevant part at 28 U.S.C. § 2254) imposes a "highly deferential standard for evaluating state-court rulings" on the merits of constitutional claims. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Section 2254 "leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Id.* at 27. Specifically, a petitioner must show that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it was premised on an "unreasonable determination of the facts." *See* 28 U.S.C. § 2254(d)(1)-(2); *see also Visciotti*, 537 U.S. at 21.

The relevant decision is that of the last state court to consider the merits of petitioner's claim — here, the appellate court. *Garth v. Davis*, 470 F.3d 702, 710 (7th Cir. 2006), *cert. denied sub nom Garth v. Buss*, 128 S.Ct. 2048 (2008). The

"clearly established federal law" with which that decision must comply is set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), which held that evidence is sufficient to support a conviction if, construing it in the light most favorable to the State, "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. Bett*, 349 F.3d 1030, 1034 (7th Cir. 2003) (quoting *Jackson*, 443 U.S. at 319); *see also McFowler v. Jaimet*, 349 F.3d 436, 446 (7th Cir. 2003).

In petitioner's case, the state court identified and applied the correct rule of law:

> When a defendant challenges the sufficiency of the evidence to support his conviction, this court must determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. People v. Pollock, 202 Ill.2d 189, 217 (2002). It is the trier of fact's responsibility to determine the credibility of witnesses, weigh their testimony, resolve conflicts in the evidence, and draw reasonable inferences from the testimony. People v. Williams, 193 Ill.2d 306, 338 (2000).

Exh. B at 3. Although the court did not cite *Jackson,* it nevertheless identified the appropriate standard. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (Section 2254 "does not even require *awareness* of [Supreme Court] cases"). Therefore, the decision is not "contrary to" pertinent federal law. *Garth*, 470 F.3d at 710 (7th Cir. 2006) (holding "decision applying the correct legal rule to the facts of a case is not 'contrary to' within the meaning of §2254(d)(1)").

Furthermore, the state appellate court reasonably applied this standard to the evidence presented at petitioner's trial. To constitute an "unreasonable application" of Supreme Court precedent, an opinion must be *"objectively unreasonable,"* not simply incorrect in the judgment of the district court. *Williams*, 529 U.S. at 409 (emphasis added).

Thus, even in close cases, it is difficult to demonstrate that a state court's application of the *Jackson* standard qualifies as "unreasonable." *See Trejo v. Hulick*, 380 F.3d 1031, 1034 (7th Cir. 2004) (denying relief on sufficiency claim even though "barely enough" evidence, because state court decision not "unreasonable"); *Cabrera v. Hinsley*, 324 F.3d 527, 533-34 (7th Cir. 2003) (reversing grant of habeas because state court's reliance on circumstantial evidence to prove intent was not unreasonable).

*Jackson* requires the State to prove beyond a reasonable doubt each element of the crime as state law defines it. *See Bates v. McCaughtrey*, 934 F.2d 99, 102 (7th Cir. 1991) ("The due process clause requires the state to prove, beyond a reasonable doubt, all of the elements of the offense it defines."). State law determines "what is essential to establish an element." *Id.* at 103. Here, the appellate court properly assessed the evidence with respect to Illinois's definition of residential burglary:

> The offense of residential burglary requires the State to prove that the offender, in pertinent part, knowingly and without authority entered the dwelling place of another with the intent to commit a felony or a theft therein. 720 ILCS 5/19-3(a) (West 2004). A defendant's possession of recently stolen property is sufficient to support a burglary

5

> conviction if (1) there is a rational connection between his possession of stolen property and his participation in the burglary; (2) his guilt of the burglary more likely than not flowed from his recent unexplained and exclusive possession of burglary proceeds; and (3) there is evidence corroborating the defendant's guilt. People v. Housby, [420 N.E.2d 151, 155 (Ill. 1981)]; People v. Gonzalez, [685 N.E.2d 661, 667 (Ill.App. 1997)].
>
> . . . In the instant case, defendant sold the stolen property to a pawn shop located approximately two miles from the [victims'] residence, approximately 90 minutes after the items were discovered to be stolen. . . . Minutes before the burglary occurred, [the female victim] observed defendant standing at the end of her driveway. He did not move while [she] exited her house, entered her car, and drove away. . . . [Based on this evidence,] we find it reasonable for the trial court to conclude defendant was "more likely than not" a participant in the burglary as opposed to a mere subsequent possessor of the proceeds.

Exh. B at 4-5. Specifically, defendant sold two items to the pawn shop, a camcorder and an Xbox game console, which were traced to the victims through their serial numbers. *Id.* at 2-3.

The appellate court's rejection of petitioner's claim was entirely reasonable, because, viewing the evidence in the light most favorable to the State, a rational juror could have found petitioner guilty of residential burglary based on: (1) his suspicious behavior at the end of the victim's driveway shortly before the crime, (2) his possession of the victim's stolen property shortly after the crime, and (3) his sale of the stolen electronics to a pawn broker located in close proximity to the victims' home. *See Jackson*, 443 U.S. at 319.

Defendant correctly asserts that mere possession of stolen property, in the absence of corroborating evidence, is not enough to establish guilt of burglary under Illinois law. *Housby*, 420 N.E.2d at 155. However, evidence of possession combined with corroborating evidence *is* sufficient. *Id.* This distinction explains the differing results in petitioner's case and in *People v. Natal*, 858 N.E.2d 923 (Ill.App. 2006), *app. denied*, 865 N.E.2d 974 (Ill. 2007), which petitioner erroneously maintains presented the appellate court with identical issues, yet was decided inconsistently.[1] Since the evidence in *Natal* was weak and uncorroborated, it was rational for the court to reach a different outcome when it applied *Jackson* to the different facts presented in petitioner's case.

In *Natal,* the evidence of guilt was limited to testimony that defendant was found in the alley behind the victim's residence, sifting through pillowcases that contained stolen items. Defendant testified that he found these items when he was walking by. He also presented evidence that fingerprints found at the scene were not his. The appellate court found *no* corroborating evidence that could support an inference that defendant's mere possession of the stolen items "more likely than not" resulted from his unlawful entry into the victim's home. *Natal*, 858 N.E.2d at 929. Not only did the State fail to present affirmative evidence demonstrating guilt,

---

[1] To the extent the petition could be construed to argue that state judicial decisions must be uniform, this Court should reject the contention. *See United States ex rel. Bomkamp v. McCann*, No. 06 C 4473, 2007 WL 2156675, at *8 (N.D. Ill. July 24, 2007) (no due process or equal protection right to uniform judicial decisions).

but the fingerprint evidence introduced by defendant weighed against an inference that he was the burglar. *Id.*

Here, however, the evidence went well beyond mere possession; corroborating evidence demonstrated that petitioner possessed the stolen items as the result of his criminal activity. First, petitioner was seen outside of the victims' house just before the burglary, and he was acting suspiciously. Second, he possessed the stolen items very soon after the burglary occurred. This bare possession was even, by itself, more incriminating than was the mere possession in *Natal,* where the burglar left behind a VCR and DVD player in his rush to escape from the burglarized house, but managed to take with him pillowcases stuffed with items of minimal value. It was reasonable to infer that the "real" burglar in *Natal* discarded these items in time for them to be found by the defendant. Here, by contrast, petitioner possessed two large and expensive items, and it is highly unlikely that the "real" burglar would have discarded such valuable electronics. It is equally unlikely that defendant had innocently purchased the items in the interim, since he was pawning the items to obtain fast cash. Since the corroborating evidence distinguishes petitioner's case from *Natal*, the appellate court's decision that the evidence against petitioner was sufficient to prove residential burglary was a reasonable one.

In sum, the state court's decision was neither contrary to, nor an unreasonable application of, *Jackson*.

## **CONCLUSION**

This Court should deny the instant petition for writ of habeas corpus.

July 17, 2008                                          Respectfully submitted,

                                                                     LISA MADIGAN
                                                                       Attorney General of Illinois

                             By:    /s/ Erin M. O'Connell
                                                 ERIN M. O'CONNELL, Bar #6283650
                                                 Assistant Attorney General
                                                 100 W. Randolph Street, 12th Floor
                                                 Chicago, IL 60601-3218
                                                 PHONE: (312) 814-1235
                                                 FAX: (312) 814-2589
                                                 EMAIL: eoconnell@atg.state.il.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2008, I electronically filed the foregoing **Answer to Petition for Writ of Habeas Corpus** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of the same, via United States Postal Service, to the following non-registered party:

>Walter L. Hill, #B58710
>Pinckneyville Correctional Center
>5835 State Route 154
>P.O. Box 999
>Pinckneyville, IL 62274.

>/s/ Erin M. O'Connell
>ERIN M. O'CONNELL, Bar #6283650
>Assistant Attorney General
>100 W. Randolph Street, 12th Floor
>Chicago, IL 60601-3218
>PHONE: (312) 814-1235
>FAX: (312) 814-2589
>EMAIL: eoconnell@atg.state.il.us