IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. WALTER L. HILL, )
 )
      Petitioner, )
 )
v. ) No. 08 C 2404
 )
 )
JAY MERCHANT, Acting Warden, )
 )
      Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Walter L. Hill's ("Hill") petition for writ of *habeas corpus*. For the reasons stated below, we deny Hill's petition.

## BACKGROUND

Following a bench trial in the Circuit Court of Cook County, Illinois, Hill was convicted of one count of residential burglary in violation of 720 ILCS 5/19-3(a). Hill was sentenced to a term of 14 years incarceration in the Illinois Department of Corrections. At Hill's criminal trial, the State presented evidence (1) that Hill was seen standing at the end of the driveway of the burglarized home minutes before the

burglary occurred, (2) that the victim of the burglary noticed Hill's continued presence at the end of the driveway as she got into her car and drove away from the home, and (3) that Hill was identified as the person who sold two of the stolen items to a pawn shop located about two miles from the burglarized home, approximately 90 minutes after the burglary was discovered. (Pet. 5); (Ans. 6). Hill appealed to the Illinois Appellate Court, arguing that his conviction violated his due process rights since the evidence at trial did not prove him to be guilty beyond a reasonable doubt. *People v. Hill*, No. 1-06-0928 (Ill. App. Ct. 2007). On August 17, 2007, the Illinois Appellate Court upheld Hill's conviction, holding that the trial court had sufficient evidence to support a finding of guilty. *Id.* Hill filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on January 30, 2008. *People v. Hill*, 882 N.E.2d 80 (Ill. 2008).

Hill subsequently filed the instant petition, and asserts as his sole basis for relief that the evidence submitted at his trial was not sufficient to establish beyond a reasonable doubt that he committed burglary and that the trial court's finding of guilty was contrary to federal law. The State has filed a responsive brief in opposition to Hill's petition.

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a). Pursuant to 28 U.S.C. § 2254 ("Section 2254"), a federal court can only grant a *habeas* petition "if the state court's decision: (1) was 'contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States'; or (2) 'involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007)(quoting in part 28 U.S.C. § 2254(d)(1)). The decision by a state court is deemed to be "'contrary to' clearly established federal law if the state court either 'applies a rule that contradicts the governing law' set forth by the Supreme Court or decides a case differently than the Supreme Court has on materially indistinguishable facts." *Id.* (quoting in part *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

## DISCUSSION

Hill argues that his due process rights were violated when the trial court found him guilty based on evidence that Hill argues was insufficient to prove his guilt beyond a reasonable doubt. Specifically, Hill maintains that his "possession of unexplained stolen items" together with his "presence near the residence sometime before the burglary" "did not prove that [] Hill ever actually entered the residence and stole the missing items." (Pet. 5). Hill also argues that the Illinois Appellate Court erred when it upheld his conviction on direct appeal. For the purposes of a Section 2254 petition for a writ of *habeas corpus*, "[t]he relevant state court decision is that of the last state court to address the claim on the merits." *Garth v. Davis*, 470

3

F.3d 702, 710 (7th Cir. 2006). In this case, the Illinois Appellate Court is the last state court that reviewed Hill's claim on the merits and we, therefore, review that decision to determine if it was contrary to "clearly established Federal law." 28 U.S.C. § 2254(d)(1). In reviewing the decision of the Illinois Appellate Court, we must "defer to a state court's application of Supreme Court precedent as long as it is 'minimally consistent with the facts and circumstances of the case.'" *Danks v. Davis*, 355 F.3d 1005, 1008 (7th Cir. 2004)(quoting *Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002)). Additionally, "[w]hen a state court applies established law, its decision must be respected unless 'unreasonable.'" *Williams v. Parke*, 133 F.3d 971, 974 (7th Cir. 1997)(quoting in part *Holman v. Gilmore*, 126 F.3d 876, 881 (7th Cir. 1997)). The Seventh Circuit recently elaborated on the unreasonableness requirement, stating that "error alone is not sufficient; a state court's decision must be 'objectively unreasonable.'" *Burr v. Pollard*, 2008 WL 4569900, at *2 (7th Cir. 2008)(quoting in part *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)).

In ruling on Hill's direct appeal, the Illinois Appellate Court correctly noted that the standard of review for challenges to the sufficiency of evidence supporting a conviction is "whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *People v. Hill*, No. 1-06-0928 at *3 (Ill. App. Ct. 2007)(citing *People v. Pollock*, 780 N.E.2d 669, 685 (Ill. 2002)); *see also Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)(stating the same standard of review). The Illinois Appellate Court also correctly noted that it was the responsibility of the trial

court, as the trier of fact, to determine and weigh the credibility of the witnesses as well as to resolve conflicts in the evidence. *Hill*, No. 1-06-0928 at *3; *see also Walton v. Lane*, 852 F.3d 268, 172 (7th Cir. 1988)(stating that "a habeas court must be hesitant to substitute its judgment for that of the trier-of-fact, who had the opportunity to observe the character and demeanor of each witness's testimony and is thus in a better position to judge and weigh the question of credibility"). Hill argued in his appeal to the Illinois Appellate Court that, under Illinois law, mere possession of stolen items without further corroborating evidence of guilt is not sufficient to prove burglary beyond a reasonable doubt. *Hill*, No. 1-06-0928 at *6. The Illinois Appellate Court acknowledged that such was the law, but also pointed out that, under Illinois law, possession of stolen property can support a conviction for burglary if "(1) [there is] a rational connection between [the defendant's] possession of stolen properly and [the defendant's] participation in burglary; (2) [the defendant's] guilt of burglary more likely than not flowed from his recent unexplained and exclusive possession of burglary proceeds; and (3) there is evidence corroborating the defendant's guilt." *Id.* at *4 (citing *People v. Housby*, 420 N.E.2d 151, 155 (Ill. 1981)). The Illinois Appellate Court found that there was more evidence in the record than the mere possession of stolen property. *Id.* at *6. For example, at Hill's criminal trial there were eyewitness identifications by both the victim of the robbery who witnessed Hill outside of her house shortly before the robbery occurred and the employee of a pawn shop who identified Hill as the person who sold him the stolen items less than 90 minutes after the robbery occurred. *Id.*

5

The Illinois Appellate Court concluded that Hill's possession of the stolen property combined with the significant corroborating evidence of guilt was sufficient for a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. *Id.*

A review of the record clearly indicates that the Illinois Appellate Court was not unreasonable in its conclusion that there was sufficient evidence to support a finding of guilt in Hill's criminal case. The Illinois Appellate Court applied the correct legal standard and addressed each of the elements of the crime for which Hill was convicted. The State was required to prove beyond a reasonable doubt that Hill "knowingly and without authority enter[ed] . . . the dwelling place of another . . . with the intent to commit therein a felony or theft." 720 ILCS 5/19-3. Illinois law allows the State to prove the elements of burglary by circumstantial evidence. *People v. Richardson*, 470 N.E.2d 1024, 1027 (Ill. 1984)(finding that "[t]he crime of burglary requires that its elements often be proved by circumstantial evidence"); *People v. Blakeney*, 375 N.E.2d 1309, 1313, (Ill. App. Ct. 1978)(holding "[t]he nature of the crime of burglary is such that its elements may be proved by circumstantial evidence and the inferences drawn therefrom"); *People v. Cokley*, 360 N.E.2d 545, 547 (Ill. App. Ct. 1977)(stating that a "[b]urglary may be proved and a conviction sustained by circumstantial evidence and inferences drawn therefrom. . . . [t]he circumstantial evidence must be of such a character that the trier of fact is convinced beyond a reasonable doubt of the defendants' guilt")(citations omitted).

Hill maintains that his case is similar to *People v. Natal*, 858 N.E.2d 923 (Ill.

App. Ct. 2006), where the Illinois Appellate Court reversed a residential burglary conviction due to insufficient evidence. (Pet. 6). The Illinois Appellate Court in *Natal* specified that "the exclusive possession of items of minimal value that were taken in the burglary and were found in close proximity to the offense" were insufficient to prove the defendant's guilt. *Id.* However, unlike *Natal*, in the instant case the Illinois Appellate Court found that Hill's presence outside of the burglarized home "[m]inutes before the burglary" combined with his action of selling the stolen items with serial numbers that were both traced back to the burglarized residence, "to a pawn shop located approximately two miles from the [burglarized] residence, approximately 90 minutes after the items were discovered to be stolen" created a reasonable inference for "the trial court to conclude defendant was 'more likely than not' a participant in the burglary as opposed to a mere subsequent possessor of the proceeds." *Hill*, No. 1-06-0928 at *4-5. We agree with the Illinois Appellate Court and find that the decision to affirm Hill's criminal conviction was neither contrary to Supreme Court law nor an unreasonable application of such law.

When the evidence in the record is viewed in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of burglary beyond a reasonable doubt. *Jackson*, 443 U.S. at 318-19. The Illinois Appellate Court applied the proper standard, and was reasonable in its decision. We, therefore, deny Hill's Section 2254 petition for a writ of *habeas corpus*.

Finally, we note that in Hill's reply brief in response to the State's opposition

brief, Hill claims that he should not be required to provide "blood specimens" to the state in connection with his conviction. (Reply 9). Such a claim is not a part of Hill's habeas claim under review in the instant action and cannot be raised in a reply brief. *See Nick's Cigarette City, Incorporated v. United States*, 531 F.3d 516, 525 n.3 (7th Cir. 2008)(stating that "[w]e have warned litigants on numerous occasions . . . that arguments raised for the first time in a reply brief are forfeited"). Therefore, Hill's claim is improper and is denied.

## CONCLUSION

Based on the foregoing analysis, we deny Hill's petition.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  November 20, 2008